**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

NEW YORK REGIONAL INTERCONNECT INC.,

                                              Plaintiff,

      v.

GEORGE E. PATAKI, as former Governor of the State
of New York; LORRAINE CORTES-VASQUEZ, in her
official capacity as acting Secretary of State of the
New York Department of State; PATRICIA L.
ACAMPORA, in her official capacity as Chairwoman of
the New York State Public Service Commission;
MAUREEN F. HARRIS, in her official capacity as
Commissioner of the New York State Public Service
Commission; ROBERT E. CURRY, JR., in his official
capacity as Commissioner of the New York State Public
Service Commission; CHERYL A. BULEY, in her official
capacity as Commissioner of the New York State Public
Service Commission; JOHN J. BONACIC, in his official
capacity as New York State Senator; JAMES L.
SEWARD, in his official capacity as New York State
Senator; WILLIAM J. LARKIN, JR., in his official capacity
as New York State Senator; THOMAS W. LIBOUS, in his
official capacity as New York State Senator; DONNA
LUPARDO, in her official capacity as New York State
Assembly Member; and ELIOT SPITZER, in his official
capacity as Governor of the State of New York,

                                          Defendants.

COMMUNITIES AGAINST REGIONAL INTERCONNECT;
COUNTY OF SULLIVAN; COUNTY OF ONEIDA; and
MAPLE AVENUE FARMS INC.,

                          Proposed Intervenors-Defendants.

_____

No. 07-CV-122
(TJM/DRH)

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| COUCH WHITE, LLP | JAMES J. BARRIERE, ESQ. |
| Attorney for Plaintiff | LEONARD H. SINGER, ESQ. |
| 540 Broadway | |
| Post Office Box 22222 | |
| Albany, New York 12201-2222 | |

HON. ANDREW M. CUOMO                          CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of             Assistant Attorney General
  New York
Attorney for Defendants
The Capitol
Albany, New York 12224

GILBERTI STINZIANO HEINTZ &                   E. GAIL SUCHMAN, ESQ.
  SMITH, P.C.                               KEVIN C. MURPHY, ESQ.
Attorney for Proposed Intervenors-
  Defendants
555 East Genesee Street
Syracuse, New York 13202

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

Presently pending is the motion of proposed intervenors-defendants Communities

Against Regional Interconnect ("CARI"), the Counties of Sullivan and Oneida, and Maple

Avenue Farms Inc. ("Maple Avenue Farms") (collectively "proposed intervenors") to

intervene as party-defendants in this action pursuant to Fed. R. civ. P. 24.  Docket Nos. 20,

22.  Plaintiff New York Regional Interconnect Inc. ("NYRI") opposes the motion.  Docket No.

23.  Defendants, twelve present and former New York State officials, do not object to the

motion.  Docket No. 24.  For the reasons which follow, the proposed intervenors' motion is

denied.


### I. Background

NYRI alleges that it was formed and exists under the New York Transportation

Corporation Law ("TCL") with an office in Albany.  Compl. (Docket No. 1) at ¶ 2.  Its

business includes the development, construction, and operation of electric transmission

2

lines.  Id.  The construction of new lines in New York requires the regulatory approval of the New York State Public Service Commission ("PSC").  On May 31, 2006, NYRI submitted an application to the PSC for approval to construct a high voltage direct current electric transmission line running approximately 190 miles from Marcy in Oneida County southeast to New Windsor in Orange County [hereinafter the "Project"].  Id.; Singer Aff. (Docket No. 23(1)) at ¶ 7; Cunningham Aff. (Docket No. 22) at ¶ 4.  NYRI's application to the PSC for approval of the Project remains pending.  Singer Aff. at ¶¶ 10-15.

Following NYRI's application to the PSC, opposition grew to approval of the Project.  On October 3, 2006, a state law was signed which, inter alia, amended the TCL to withdraw from NYRI the authority to utilize eminent domain and related remedies to complete the Project.  Compl. at ¶¶ 23-33 ("2006 TCL amendments").  NYRI then commenced this action on February 1, 2007.  Compl.  Its complaint seeks a determination and declaratory judgment that the 2006 TCL amendments are unconstitutional and inapplicable to NYRI to the extent that they deny NYRI the authority to utilize eminent domain to complete the Project.  Compl. at ¶¶ 34-77.   It alleges that NYRI is an "electric corporation" within the scope of the TCL and empowered to utilize the remedies authorized by the TCL, including eminent domain.  Id. at ¶¶ 23, 24, 76.

The proposed intervenors oppose the Project.  CARI is an unincorporated organization comprised of eight New York Counties[1] and five community interest

---

[1]Madison, Broome, Chenango, Delaware, Herkimer, Oneida, Orange, and Sullivan Counties on behalf of their citizens.  Cunningham Aff. at ¶ 3; Ans. of Proposed Intervenors at ¶ 85.  The Project would traverse each such county.  Id. at ¶ 83.

organizations.[2]  Cunningham Aff. at ¶ 2; Ans. & Counterclaims of Proposed Intervenors (Docket No. 22) at ¶ 85.  Maple Avenue Farms is a beef cattle farm located in the Town of Hamilton, Madison County.  Schwartz Aff. (Docket No. 22) at ¶ 4.  The proposed intervenors are parties to the pending PSC proceedings concerning the Project.  Cunningham Aff. at ¶ 4.  They seek to intervene in this action principally to challenge the contention in NYRI's tenth cause of action that it is an electric corporation under the TCL and thus authorized to acquire property by eminent domain.  Proposed Intervenors Mem. of Law (Docket No. 21) at 1.  They also seek to assert twp counterclaims for a declaration that NYRI is not authorized by the TCL to acquire property by eminent domain.   Ans. of Proposed Intervenors at ¶¶ 98-104.

## II. Discussion

Proposed intervenors seek to intervene of right pursuant to Fed. R. Civ. P. 24(a) and, in the alternative, by permission pursuant to Rule 24(b).

## A. Intervention of Right - Rule 24(a)

Rule 24(a) provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is

---

[2]STOP NYRI, Inc.; Upstate New York Citizens Alliance; Upper Delaware Council; Upper Delaware Preservation Coalition; and SayNo2NYRI.  Cunningham Aff. at ¶ 3; Ans. of Proposed Intervenors at ¶ 85.

adequately represented by existing parties.

The proposed intervenors make no claim under subdivision (1) that there exists any statute

entitling them to intervene.  See Proposed Intervenors Mem. of Law (Docket No. 21) at 6.

Rather, the proposed intervenors rely on subdivision (2) and bear the burden of

demonstrating that (1) the motion is timely, (2) the proposed intervenors have an interest in

the litigation, (3) the interest may be impaired by the outcome of the litigation, and (4) the

interest will not be adequately represented by the existing parties.  See D'Amato v.

Deutsche Bank, 236 F.3d 78, 84 (2d Cir. 2001); New York News, Inc. v. Kheel, 972 F.2d

482, 485-88 (2d Cir. 1992).  NYRI does not challenge the timeliness of proposed

intervenors' motion and, as the motion was filed less than two months after this action was

commenced, the motion is timely.  However, NYRI contends that proposed intervenors have

failed to satisfy the other three requirements.


## 1. Interest in the Litigation

Proposed intervenors contend that their interest in this litigation is demonstrated by

their involvement in other proceedings in which they oppose the Project and the threat that

they or their constituent members will lose their property to NYRI by eminent domain.

Proposed Intervenors Mem. of Law at 7-8.  NYRI contends that the interests asserted by

proposed intervenors are too contingent and remote to satisfy this requirement.

To satisfy this requirement, a proposed intervenor must demonstrate an interest that

is "'direct, substantial, and legally protectable.'"  New York News, Inc., 972 F.2d at 486

(quoting Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97

(2d Cir. 1990)); see also Donaldson v. United States, 400 U.S. 517, 531 (1971) (holding that

5

interest must be "significantly protectable").  "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."  Wash. Elec., 922 F.2d at 97; Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc., 725 F.2d 871, 874 (2d Cir.1984).  "Intervention . . . cannot be used as a means to inject collateral issues into an existing action."  New York News, Inc., 972 F.2d at 486 (internal quotation marks omitted); see United States v. City of N.Y., 198 F.3d 360, 365 (2d Cir. 1999).

The narrowness of the interest which will suffice to satisfy Rule 24(a)(2) is illustrated by several cases.  In Donaldson, the Internal Revenue Service was conducting an investigation of Donaldson's tax liabilities and served summonses upon his former employer and the employer's accountant for records of Donaldson's compensation.  Donaldson obtained an injunction barring the accountant and former employer from complying with the summonses.  The United States then commenced an action to enforce the summonses, Donaldson moved to intervene, the district court denied his motion, and the Fifth Circuit Court of Appeals affirmed.  The content of the records at issue were self-evidently material to the determination of Donaldson's tax liabilities.  Nevertheless, the Supreme Court held that because the records were not those of Donaldson and because he could raise any defenses to the documents in question at a subsequent trial on the merits of his tax liabilities,, Donaldson's interest lacked "sufficient magnitude" to entitle him to intervene.  400 U.S. at 531.

In Washington Elec. Coop., a Vermont electrical cooperative commenced an action to recover amounts paid to an out-of-state electrical wholesaler under a voided sales agreement and the Vermont Department of Public Service (VDPS) moved to intervene.  The

6

district court denied its motion and VDPS appealed. On appeal, the Second Circuit affirmed denial of the motion.  VDPS contended that it satisfied the interest requirement because it sought to collect amounts paid by other companies under the void sales agreement.  The Second Circuit held that VDPS's interest was based upon a "double contingency": the plaintiff first must prevail against the defendant and then it must be determined that the other companies were entitled to recovery.  922 F.2d at 97.  The Second Circuit also concluded that a VDPS intervention would "change[] radically" the nature of the action and would "transform[]" the action into one exceeding the scope of that commenced by the plaintiff.  Id.  For both reasons, the court held that VDPS had failed to satisfy the interest requirement.

In New York News, Inc., the plaintiff newspaper brought a civil action against labor unions alleging racketeering activities arising out of a strike.  The complaint alleged that the activities of the unions had been orchestrated by an attorney, Theodore Kheel.  After the parties settled their case, Kheel moved to intervene to protect his reputation and avert abuse of the judicial system by seeking sanctions against the newspaper for the allegations against him.  The district court denied Kheel's motion and he appealed.  On appeal, the Second Circuit affirmed the denial of intervention, holding that Kheel had no right to move for sanctions and, therefore, the interests asserted by Kheel failed to establish a "legally protectable interest" under Rule 34(a)(2).  972 F.2d at 486.

Here, the interests asserted by proposed intervenors is that if NYRI is found in this action to be an electric company within the scope of the TCL and if the Project is approved as proposed by NYRI in the PSC proceeding, proposed intervenors will lose their property through eminent domain.  Proposed Intervenors Mem. of Law at 7-8 (contending that

proposed intervenors are directly affected by this action because they are "fearful of the loss of property to the Plaintiff" and because NYRI's contention that it is not subject to the 2006 TCL amendments "has the potential to permanently and directly affect Intervenors-Defendants' rights and the ability to challenge Plaintiff's alleged authority to take their land . . . .").

These interests depend upon two contingencies: NYRI must succeed in this or another action by obtaining a determination that it is not subject to the 2006 TCL amendments and the PSC must approve the Project as proposed so that proposed intervenors' property would be affected by the Project.  These contingencies remove the interests of proposed intervenors from those cognizable by Rule 24(a)(2) because they are contingent and too remote.  See Washington Elec. Coop., 922 F.2d at 97.  Moreover, proposed intervenors are already parties to the PSC proceedings and thus have available in that proceeding, and in any subsequent judicial proceedings following from it, the ability to assert all arguments available to them in opposition to the Project.  See Donaldson, 400 U.S. at 531.

Accordingly, proposed intervenors have failed to demonstrate the interest required for intervention of right under Rule 24(a)(2) and their motion must be denied on this ground.

**2. Impairment of Interest**

Proposed intervenors contend that if they are denied intervention, their ability to protect their interests will be impaired because they will be unable to challenge the ability of NYRI to take their property by eminent domain.

While the interest requirement under Rule 24(a)(2) has been defined narrowly, Rule

8

24(a)(2) describes this requirement in more expansive terms.  It requires only that a proposed intervenor demonstrate that denial of intervention "may as a practical matter" affect the movant's ability to protect its interests.  Fed. R. Civ. P. 24(a)(2).  If NYRI prevails in this action, it may obtain a declaration that the 2006 TCL amendments are inapplicable to it and that it is thus authorized to employ eminent domain for the Project.  Whether or not an adverse judgment in this case would legally preclude proposed intervenors from arguing to the contrary in other proceedings, an adverse judgment could constitute adverse persuasive authority and thus "may" impede proposed intervenor's interests "as a practical matter."  See Herdman v. Town of Angelica, 163 F.R.D. 180, 187 (W.D.N.Y. 1995).

        This reasonable possibility suffices to demonstrate the second requirement under Rule 24(a)(2) and NYRI's argument to the contrary is rejected.


### 3. Representation by Existing Parties

        The burden of demonstrating the inadequacy of the representation of a proposed intervenor's interests by an existing party rests with the proposed intervenor.  That burden is generally "minimal."  Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972).  However, that burden may be "more rigorous" if the proposed intervenor and an existing party share "the same ultimate objective."  Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179-80 (2d Cir. 2001).  Where such an identity of interest exists, the proposed intervenor must rebut a presumption of adequate representation by the existing party.  Id. (citing U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978)).

        Proposed intervenors contend that their interest here is not identical to that of the existing defendants.  Proposed intervenors assert that the ultimate objective of the

defendants in this action is to uphold the constitutionality of the 2006 TCL amendments excluding NYRI from using eminent domain to complete the Project.  On the other hand  the ultimate objective of proposed intervenors is to exclude NYRI from the scope of the TCL and the authorized use of eminent domain by obtaining a declaration that NYRI is not an electric company within the scope of the TCL.  The ultimate objectives of both the existing defendants and proposed intervenors is thus to bar NYRI's use of eminent domain under the TCL to effectuate the Project.  Because proposed intervenors and the existing defendants share the same ultimate objective, a presumption of adequacy is created and proposed intervenors must make the "more rigorous showing of inadequacy."  Butler, Fitzgerald & Potter, 250 F.3d at 179-80.

For at least two reasons, proposed intervenors have failed to make this showing. First, the existing defendants, all present and former state officials, are sued here in their representative capacities.  "A state is presumed to represent the interests of its citizens . . . when it is acting in the lawsuit as a sovereign."  United States v. New York, 820 F.2d 554, 558 (2d Cir. 1987) (citing Delaware Valley Citizens' Council v. Pennsylvania, 674 F.2d 970, 973 (3d Cir.1982)).  In their representative capacities, the existing defendants are thus presumed to be acting in furtherance of the interests of proposed intervenors.  Proposed intervenors have failed to overcome that presumption by showing how the existing defendants are unwilling or unable to carry out that obligation.

Second, the existing defendants are in fact able and motivated to make the precise argument which proposed intervenors seek to assert in this action.  NYRI must demonstrate as an element of its claims that it is in fact an electric company within the scope of the TCL with the power to exercise eminent domain.  See Compl. at ¶ 2, 23, 24.  In their answer, the

existing defendants have effectively denied these allegations.  See Ans. (Docket No. 25) at

¶¶ 5, 16.  Thus, the argument which proposed intervenors seek to assert in this litigation –

that NYRI is not an electric company within the scope of the TCL – remains equally

available to the existing defendants as it would be to proposed intervenors.  Moreover, the

existing defendants have the same motivation to assert the argument which proposed

intervenors seek, to assert.

    For both reasons, therefore, proposed intervenors have failed to meet their burden of

rebutting the presumption that the existing defendants are inadequate to represent

proposed intervenors' interests in this action.  In the alternative, then, proposed intervenors'

motion is denied on this ground.


## B. Permissive Intervention

    In the alternative, proposed intervenors seek intervention by permission under Rule

24(b)(2),  which states in pertinent part that "[u]pon timely application anyone may be

permitted to intervene in an action . . . when an applicant's claim or defense and the main

action have a question of law or fact in common. . . ."  An application for permissive

intervention requires a court to consider "substantially the same factors" as for an

application for intervention of right.  See In re Bank of N.Y. Derivative Litigation, 320 F.3d

291, 300 & n.5 (2d Cir. 2003).  Permissive intervention, however, is committed to the

discretion of the trial court.  See Brennan, 579 F.2d at 191.  Rule 24(b) and decisions of the

Second Circuit direct a court to consider a variety of factors in addition to those under Rule

24(a)(2) in exercising that discretion.  These include whether the intervention will unduly

delay or prejudice the adjudication of the rights of the original parties and whether parties

11

seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. See H.L. Hayden Co. of N.Y., Inc. v. Siemens Med., 797 F.2d 85, 89 (2d Cir. 1986); Ass'n of Conn. Lobbyists LLC v. Garfield, __ F.R.D. __, 2007 WL 613856, at *2 (D. Conn. Feb. 27, 2007). The discussion above of the factors under Rule 24(a)(2) are incorporated herein by reference. Thus, proposed intervenors' motion is timely, they possess an interest in the outcome of this proceeding but that interest is remote and contingent, their interest may be adversely affected by the outcome of this litigation, and their interest will be adequately represented by the existing defendants.

In addition to these factors, however, the following factors are noted. First, contrary to NYRI's contention, proposed intervenors' motion raises common questions of law and fact with this action. As discussed, it presents an element of NYRI's claims that it is an electric company within the scope of the TCL and NYRI has alleged this element in its complaint. The fact that NYRI emphasizes its contention of unconstitutionality does not obviate its obligation to demonstrate this element or the option of the existing defendants to challenge NYRI's proof on that issue. NYRI contends that this element is established beyond challenge by the fact that the New York Department of State granted it incorporation under the TCL. NYRI Mem. of Law at 11-12. This evidence may or may not ultimately suffice, but at this stage, issues of fact and law remain open as to this element and those issues are common to the issues raised by proposed intervenors.

Second, also contrary to NYRI's contention, granting intervention to proposed intervenors would not likely result in undue delay and prejudice. The pending motion has come at an early stage of the case, prior even to a scheduling order being entered. There

12

is no indication that the issue sought to be pursued by proposed intervenors would unduly delay the discovery period.  The issues of law could be determined in common with those regarding the existing defendants.

Third, proposed intervenors would not significantly contribute to a full development of the issues.  As noted, the existing defendants are sufficiently able and motivated to litigate the issues sought to be argued by proposed intervenors.  Their inclusion in the case would not, therefore, advance the development and consideration of these issues.

Finally, equitable considerations weigh against permitting intervention here.  As discussed, proposed intervenors are participating in the PSC proceedings.  Whatever the outcome of this proceeding, therefore, proposed intervenors will have a full and fair opportunity to litigate their claims in the PSC proceeding and in any subsequent judicial proceedings.  While, as noted, it is possible that the outcome of this action may provide persuasive authority adverse to the interests of proposed intervenors, proposed intervenors will not be collaterally estopped from asserting their arguments against NYRI as NYRI here concedes.  See NYRI Mem. of Law at 15 ("[Proposed intervenors'] claim has not been put in issue in this action, will not be lost as a result of the adjudication of the action and can be raised in the pending PSC proceeding to which Proposed Intervenors are all parties.").

The weighing of these factors compels denial of intervention.  Proposed intervenors will have a full and fair opportunity to litigate the issues of their choice in the PSC proceeding and any subsequent judicial actions.  Moreover, the interests of the proposed intervenors here are more than adequately represented by the existing defendants.  Finally, intervention would not significantly facilitate development of the factual or legal issues in this case.

13

For these reasons, the motion for permissive intervention under Rule 24(b)(2) is denied.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that the motion to intervene of the proposed intervenors (Docket Nos. 20, 22) is **DENIED** both as to intervention of right and by permission.

**IT IS SO ORDERED.**

DATED:  May 15, 2007
           Albany, New York

                                  *David R. Homer*
                                  United States Magistrate Judge

14